MORRISON & a. v. INS. CO. OF N. AMERICA.

A special verdict, finding a contract of insurance made by the delivery
of a policy to the plaintiffs' agent, and also finding a concealment of
the insurance from the plaintiff, *held*, upon the facts of the case, not
to mean that the existence of the policy was concealed from the agent
when it was delivered to him.

ASSUMPSIT, on a policy of insurance. Writ dated November 13,
1877. Pleas, the general issue, the statute of limitations, and
accord and satisfaction. On a special verdict, each party moved
for judgment.

*Bingham, Mitchells & Batchellor* and *Aldrich & Remich*, for the
plaintiffs.

*Belden & Ide* (of Vt.) and *Drew, Jordan & Carpenter*, for the
defendants.       .

DOE, C. J.   January 31, 1871, the plaintiff, H. H. Morrison,
who then was, and for some time had been, engaged in soliciting
applications for fire-insurance policies to be issued by the defend-
ants, prepared and signed the plaintiffs' application, and sent it,
with three others, to Hopkins, another solicitor of the defendants,
at St. Johnsbury, Vt.   The next day, February 1, at St. Johns-
bury, Hopkins left the four applications at the office of Shaw, a
general agent of the defendants, authorized to issue policies.   The
jury found that Shaw accepted the plaintiffs' application Februa-
ry 1.   Hopkins was authorized by the plaintiffs to receive their pol-
icy and forward it to them.   At the trial, the plaintiffs introduced
a letter, dated February 3, 1871, written and signed by Hopkins
at St. Johnsbury, and sent by him to the plaintiff H. H. Morri-
son, at Haverhill, N. H., where the plaintiffs lived, and where their
property was situated, in which letter Hopkins says, "Your appli-
cations for insurance for " the plaintiffs and three others "are
received and insured from to-day. Amt of premium $48.00. 4 Pol-
icies & stamps 7.00, $55.00.   Your com 10 per ct on Premiums
4.80. $50.20.   If not right please inform me. You will please have
the pay ready and I will send by express Friday.   I had to make
some small alterations in your application."   The policy declared
on, intended for the plaintiffs, and dated February 6, 1871, was
written by a clerk in Shaw's office, and placed in a desk where
Hopkins kept his papers, but was not sent to the plaintiffs.   The
jury found it was delivered to Hopkins as agent of the plaintiffs.
Property described in the policy and application, and found by the
jury to be of the value of $1,009.35, was burned February 10, 1871.
The defendants paid the plaintiffs $600, and the plaintiffs signed

the following receipt, written upon the policy: "Received of the Ins. Co. of North America, by the hand of Geo. S. Shaw, agent, six hundred dollars in full for all claims for loss and damage under this policy, and the same is hereby surrendered to the Co. to be discharged forever. St. Johnsbury, Vt., Feby. 28, 1871." The jury found the settlement was obtained by the defendants' fraud.

The only material counts are in assumpsit, and all the counts in that form of action are on a written contract of insurance, described as a policy, signed, attested, and countersigned by the defendants' agents. On this contract the suit is brought, more than six years after the alleged breach. To a plea of the statute of limitations, the plaintiffs reply the defendants' fraudulent concealment of the plaintiffs' cause of action; and the jury find the defendants fraudulently concealed from the plaintiffs the existence of the insurance from February 1, 1871, to October 20, 1877.

"The very term 'policy' imports that the party insured holds a written instrument to which that name has been given." *Trustees v. B. F. Ins. Co.*, 19 N. Y. 305, 308. The making of the contract declared upon, being denied by the general issue, is a fact to be proved by the plaintiffs; and this fact is not found in any part of the verdict except the affirmative answer to the question, "Was the policy delivered to Hopkins as agent for the plaintiffs?" Upon the facts stated in the case, this answer cannot be understood to mean anything less than that Hopkins was authorized by the plaintiffs to receive the policy as their agent; that in the exercise of his authority as their agent he did receive it; and that, by its delivery to him, the contract declared on was made. If the verdict does not mean this, the essential fact of the making of the alleged contract is not found, and the defendants are entitled to judgment. The finding that the defendants concealed the existence of the insurance from the plaintiffs, cannot be fairly understood to mean that the defendants concealed the existence of the policy from the plaintiffs' agent when they made the contract by delivering the policy to him. The plaintiffs sent their application to Hopkins to be presented by him to the defendants. By Hopkins's letter, which the plaintiffs received, they were informed that he had received their application; that he had to make some small alterations in it; that it had been accepted; that by its acceptance they were insured; and that he would send them the policy by express on a certain day, when they would be expected to pay the premium, less the commission of ten per cent. due one of the plaintiffs as soliciting agent. There is no room for a conjecture that Hopkins was authorized to conclude the contract by receiving the promised policy in ignorance of its existence.

Nothing is stated in the case tending to take the transaction out of the rule that knowledge and intention are the gist of a contract, and that the question whether the changed possession of a policy is a delivery binding the parties by making the contract written in

it, is a question of knowledge and intention. There is such a delivery if both parties (or their authorized agents) understand the writing passes from one to the other as a token that negotiation is concluded, and as evidence of an operative contract. *Canning* v. *Pinkham,* 1 N. H. 353, 357, 358; *Barns* v. *Hatch,* 3 N. H., 304, 307; *Warren* v. *Swett,* 31 N. H. 332, 340; *D. Bank* v. *Webster,* 44 N. H. 264, 268, 270; *Johnson* v. *Farley,* 45 N. H. 505, 509, 510; Tiedeman Real Prop., *ss.* 812, 813, 814; May Ins., *s.* 60. The case furnishes no indication of the defendants' being entitled to judgment on the ground that by reason of a lack of knowledge, intention, or understanding on the part of the plaintiffs' agent, the delivery of the policy to him was not a delivery to the plaintiffs. On the facts found, Hopkins had authority to make the contract in behalf of the plaintiffs by receiving the policy; and the contract was made, on their part, by his exercising that authority. By the contract thus made, reciprocal obligations were incurred. May Insurance, *s.* 61. The plaintiffs were bound to pay the premium. A suit brought by the defendants for the premium promised by these plaintiffs to be paid on delivery to them or their agent of a policy the existence of which was concealed from them and their agent, would present the difficulty of A's making a written contract with B by delivering the writing to him, and concealing from him the delivery by which the contract was made. *Tasker* v. *K. Ins. Co.,* 59 N. H. 438, 445.

On the facts presented by the case, the making of the alleged written contract by a concealed delivery of the writing, is a contradictory and unmeaning expression. The legal possibility of a contract being so made, in a hypothetical case, need not be considered until there is a satisfactory foundation of fact for a claim that the rights of these parties depend upon a question of that kind. No fact is found by the jury or stated in the case, and no suggestion is made in argument, on which the verdict can reasonably be understood to give any support to the position that Hopkins's valid exercise of his authority was concealed from him by the defendants; that he had no knowledge of the fact that he made the contract in behalf of the plaintiffs; or that, in contemplation of law, his knowledge of the delivery of the policy to himself as their agent was not their knowledge. The only reasonable and consistent interpretation of the verdict is the literal one that the delivery of the policy to the plaintiffs' agent, known to him, and assented to by him, was fraudulently kept from the plaintiffs' personal knowledge. In view of the reserved case, the suggestion (made in argument) that Hopkins did not see the policy, and that the defendants took it from his desk before he got actual possession of it, leads to no conclusion more favorable to the plaintiffs than this,—the special finding of a delivery is contrary to the fact, the contract declared on was not made, and on this ground the defendants are entitled to judgment. But we are not at liberty to disre-

gard the fact of delivery found by the jury. Under the circumstances disclosed, the defendants, by putting the policy in Hopkins's desk without his knowledge and withdrawing it without his knowledge, would not make a contract on which they could recover the premium of the plaintiffs, or on which the plaintiffs could maintain this action.

By the policy, the defendants insured the property from February 1, 1871, to February 1, 1876. This is evidence that the plaintiffs' application was accepted February 1, and that Hopkins was in error as to the beginning of the insurance of which he informed them, or that there was an error in the date (February 3) of his letter. There was a provisional contract of insurance (containing an express or implied stipulation for a policy) made before the policy was written. *Gerrish* v. *G. Ins. Co.*, 55 N. H. 355; *Putnam* v. *H. Ins. Co.*, 123 Mass. 324; *C. M. M. Ins. Co.* v. *U. M. Ins. Co.*, 19 How. 318; May Ins., ss. 14–29; Wood Ins., ss. 4–21. But this contract is not declared on, and it expired, by its own limitation, when the written contract was made by delivery of the policy. The preliminary agreement was to be performed within a year, and to be superseded by a policy retrospectively covering the short time between the acceptance of the application and the delivery of the policy. Of that agreement there has been no breach. It was fully performed, and was superseded by the delivery of the policy before the insured property was burned; Hopkins's letter, received by the plaintiffs, seems to prove it was not concealed from them; and the declaration excludes it from consideration.

*Judgment for the defendants.*

CARPENTER and BINGHAM, JJ., did not sit: the others concurred.